DONALD M. DESSEYN, ESQUIRE          ATTORNEYS FOR DEFENDANTS
Attorney I.D. #69179
GREGORY E. CASSIMATIS, Esquire
Attorney I.D. # 49619
4999 Louise Drive, Suite 103
Mechanicsburg, PA  17055
(717) 791-0400

---

| | |
|---|---|
| STATE FARMS & AMP; CASUALTY CO. | : IN THE UNITED STATES DISTRICT COURT |
| | : FOR THE MIDDLE DISTRICT OF PA |
| Plaintiff | : |
| v. | : |
| | : |
| BURKENTINE & SONS BUILDERS, INC. | : NO. 1:17-CV-01773-CCC |
| | : |
| and | : |
| | : CIVIL ACTION – LAW |
| STONE RIDGE DEVELOPMENT CORP. | : JURY TRIAL DEMANDED |
| Defendants | : |

---

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

AND NOW, come Defendants, Burkentine & Sons Builders, Inc. and Stone Ridge

Development Corporation (hereinafter "Answering Defendants"), by and through its counsel,

Donald M. Desseyn, Esquire  and Gregory E. Cassimatis, Esquire and hereby files its Answer to

Plaintiff's Complaint with Affirmative Defenses and in support thereof states as follows:

### PARTIES

1.      Denied. The Answering Defendants, after reasonable investigation, are without

knowledge or information sufficient to form a belief as to the truth of the allegations as set forth

in paragraph 1 of Plaintiff's Complaint and therefore deny same and strict proof in support

thereof is demanded at the time of trial.

2.      Denied. The Answering Defendants, after reasonable investigation, are without

knowledge or information sufficient to form a belief as to the truth of the allegations as set forth

in paragraph 2 of Plaintiff's Complaint and therefore deny same and strict proof in support thereof is demanded at the time of trial.

3.     Denied.  The allegations as set forth in paragraph 3 of Plaintiff's Complaint constitute a legal conclusion to which no response is required; accordingly, strict proof in support thereof is demanded at the time of trial.

4.     Admitted in part and denied in part.  It is specifically denied that Defendant, Burkentine & Sons Builders, Inc. has a principal place of business located at 330 Dubs Church Road in Hanover, Pennsylvania.  On the contrary, Defendant, Burkentine & Sons Builders, Inc. has a principal place of business located at 1500 Baltimore Street, Hanover, PA 17331.  The balance of the allegations contained in paragraph 4 of Plaintiff's Complaint are admitted.

4. *sic.*  Admitted in part and denied in part.  It is denied that Defendant, Stone Ridge Development Corporation has a principal place of business located at 910 East Canal Street in Dover, Pennsylvania.  On the contrary, Defendant, Stone Ridge Development Corporation has a principal place of business at 1500 Baltimore Street, Hanover, PA 17331.  The balance of the allegation contained in paragraph 4. *sic.* of Plaintiff's Complaint are admitted.

## JURISDICTION & VENUE

5.     Denied.  The allegations as set forth in paragraph 5 of Plaintiff's Complaint constitute a legal conclusion to which no response is required; accordingly, strict proof in support thereof is demanded at the time of trial.

6.     Denied. The allegations as set forth in paragraph 6 of Plaintiff's Complaint constitute a legal conclusion to which no response is required; accordingly, strict proof in support thereof is demanded at the time of trial.

## STATEMENT OF FACTS

2

7.      It is admitted that Defendant Stone Ridge Development Corporation is a developer and
Defendant, Burkentine & Sons Builders, Inc. was a general contractor regarding the construction
of the subject property.  The balance of the allegations set forth in paragraph 7 of Plaintiff's
Complaint constitute legal conclusions to which no response is required; accordingly, strict proof
in support thereof is demanded at the time of trial.

8.      Admitted in part and denied in part.  It is admitted that the Defendants as part of
planning, designing and construction of the subject property were responsible for overseeing and
coordinating the design, construction and installation of the chimney – chase area.  It is
specifically denied that the Defendants were responsible for the installation of the wood burning
stove as the wood burning stove was installed by Plaintiff's subrogors.  By way of further
answer, Defendant Burkentine & Sons Builders, Inc. hired a sub-contractor to do insulation
work.

9.      Denied.  The allegations as set forth in paragraph 9 of Plaintiff's Complaint constitute a
legal conclusion to which no response is required; accordingly, strict proof in support thereof is
demanded at the time of trial.  To the extent a response is deemed required, the Defendants, after
reasonable investigation, are without knowledge or information sufficient to form a belief as to
the truth of the allegations as set forth in paragraph 9 of Plaintiff's Complaint and therefore deny
same and strict proof in support thereof is demanded at the time of trial.

10.     Denied.  The allegations as set forth in paragraph 10 of Plaintiff's Complaint constitute a
legal conclusion to which no response is required; accordingly, strict proof in support thereof is
demanded at the time of trial.  To the extent a response is deemed required, the Defendants, after
reasonable investigation, are without knowledge or information sufficient to form a belief as to
the truth of the allegations as set forth in paragraph 10 of Plaintiff's Complaint and therefore

deny same and strict proof in support thereof is demanded at the time of trial. By way of further answer, Plaintiff's subrogors installed the wood burning stove in question at the subject property.

11.      Denied. The allegations as set forth in paragraph 11 of Plaintiff's Complaint constitute a legal conclusion to which no response is required; accordingly, strict proof in support thereof is demanded at the time of trial.  To the extent a response is deemed required, said allegations are specifically denied.

12.      Denied. The allegations as set forth in paragraph 12 of Plaintiff's Complaint constitute a legal conclusion to which no response is required; accordingly, strict proof in support thereof is demanded at the time of trial.

## COUNT I. NEGLIGENCE v. BURKENTINE

13.      The answering Defendant, Burkentine & Sons Builders, Inc. incorporates its answers to paragraphs 1 – 12 above by reference as if fully set forth at length herein.

14.      Denied.  The Answering Defendant denies the allegations as set forth in paragraph 14 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial. By way of further answer, the wood burning stove in question was installed by Plaintiff's subrogors.

15.      (a) – (g)      Denied.  The Answering Defendant denies the allegations as set forth in paragraph 15 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

4

16.     Denied. The allegations as set forth in paragraph 16 of Plaintiff's Complaint constitute a legal conclusion to which no response is required.  Accordingly, strict proof in support thereof is demanded at the time of trial.

Wherefore, the Answering Defendant, Burkentine & Sons Builders, Inc. demands judgment in its favor and against the Plaintiff and requests that Plaintiff's Complaint be dismissed with prejudice and the Answering Defendant be awarded cost and any other fees determined just and proper by this court.

## COUNT II. BREACH OF CONTRACT v. BURKENTINE

17.     The answering Defendant, Burkentine & Sons Builders, Inc. incorporates its answers to paragraphs 1 – 16 above by reference as if fully set forth at length herein.

18.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 18 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

19.     Admitted in part and denied in part.  It is admitted that Defendant, Burkentine & Sons Contractors, Inc. is a competent general contractor possessing the necessary skill and expertise to properly construct the subject property.  By way of further answer, the woodstove in question at the subject property was installed by Plaintiff's subrogors.  The balance of the allegations contained in paragraph 19 of Plaintiff's constitute legal conclusions of law to which no response is required, accordingly, strict proof in support thereof is demanded at the time of trial.

20.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 20 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

21.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 21 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

22.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 22 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

23.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 23 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

Wherefore, the Answering Defendant, Burkentine & Sons Builders, Inc. demands judgment in its favor and against the Plaintiff and request that Plaintiff's Complaint be dismissed with prejudice and the Answering Defendant be awarded cost and any other fees determined just and proper by this court.

### COUNT III. BREACH OF IMPLIED WARRANTIES v. BURKENTINE

24.     The answering Defendant, Burkentine & Sons Builders, Inc. incorporates its answers to paragraphs 1 – 23 above by reference as if fully set forth at length herein.

25.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 25 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

26.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 26 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

27.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 27 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

28.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 28 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

29.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 29 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

30.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 30 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

Wherefore, the Answering Defendant, Burkentine & Sons Builders, Inc. demands judgment in its favor and against the Plaintiff and requests that Plaintiff's Complaint be dismissed with prejudice and the Answering Defendant be awarded cost and any other fees determined just and proper by this court.

## COUNT IV. NEGLIGENCE v. STONE RIDGE

31.     The answering Defendant, Stone Ridge Corporation incorporates its answers to paragraphs 1 – 30 above by reference as if fully set forth at length herein.

32.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 32 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

By way of further answer, the wood burning stove in question was installed by Plaintiff's subrogors.

33.     (a) – (g)        Denied.  The Answering Defendant denies the allegations as set forth in paragraph 33 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

34.     Denied. The allegations as set forth in paragraph 34 of Plaintiff's Complaint constitute a legal conclusion to which no response is required; accordingly, strict proof in support thereof is demanded at the time of trial.

Wherefore, the Answering Defendant, Stone Ridge Corporation demands judgment in its favor and against the Plaintiff and requests that Plaintiff's Complaint be dismissed with prejudice and the Answering Defendant be awarded cost and any other fees determined just and proper by this court.

## COUNT V. BREACH OF CONTRACT v. STONE RIDGE

35.     The answering Defendant, Stone Ridge Corporation incorporates its answers to paragraphs 1 – 34 above by reference as if fully set forth at length herein.

36.     Denied. The Answering Defendant denies the allegations as set forth in paragraph 36 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

37.     Admitted in part and denied in part.  It is admitted that Defendant, Burkentine & Sons Contractors, Inc. is a competent general contractor possessing the necessary skill and expertise to properly construct the subject property.  By way of further answer, the woodstove in question at the subject property was installed by Plaintiff's subrogors.  The balance of the allegations

contained in paragraph 37 of Plaintiff's Complaint constitute legal conclusions of law to which no response is required, accordingly, strict proof in support thereof is demanded at the time of trial.

38.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 38 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

39.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 39 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

40.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 40 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

41.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 41 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

Wherefore, the Answering Defendant, Stone Ridge Corporation demands judgment in its favor and against the Plaintiff and requests that Plaintiff's Complaint be dismissed with prejudice and the Answering Defendant be awarded cost and any other fees determined just and proper by this court.

## COUNT VI. BREACH OF IMPLIED WARRANTIES v. STONE RIDGE

42.     The answering Defendant, Stone Ridge Corporation incorporates its answers to paragraphs 1 – 41 above by reference as if fully set forth at length herein.

43.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 43 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

44.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 44 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

45.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 45 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

46.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 46 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

47.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 47 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

48.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 48 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

Wherefore, the Answering Defendant, Stone Ridge Corporation demands judgment in its favor and against the Plaintiff and requests that Plaintiff's Complaint be dismissed with prejudice and the Answering Defendant be awarded cost and any other fees determined just and proper by this court.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

49.     Plaintiff's Complaint fails to set forth a cause of action upon which relief can be granted against the Defendants.

### SECOND AFFIRMATIVE DEFENSE

50.     Plaintiffs recovery is barred either in whole or in part, as any damages or injuries which Plaintiffs may have sustained were the proximate result of the acts or omissions of others not presently known by the Answering Defendants and/or its employees.

### THIRD AFFIRMATIVE DEFENSE

51.     Plaintiff's recovery is barred either in whole or in part by their own conduct in failing to exercise ordinary care for their own safety under existing circumstances.

### FOURTH AFFIRMATIVE DEFENSE

52.     Any damages or injuries Plaintiffs may have suffered alleged in their Complaint were solely and proximately caused by the negligence of Plaintiff's subrogors Alan Shaw and/or Heather Shaw.

### FIFTH AFFIRMATIVE DEFENSE

53.     Plaintiff's failure to exercise reasonable care caused or contributed to cause any alleged injuries or damages of Plaintiff's Complaint and, therefore, Plaintiff's claims against the Answering Defendants are barred or, in the alternative, must be diminished by an amount that is proportionally equal to Plaintiffs percentage of negligence.

### SIXTH AFFIRMATIVE DEFENSE

54.     Plaintiffs have failed to mitigate their damages.

### SEVENTH AFFIRMATIVE DEFENSE

55.     Plaintiffs alleged injuries or damages were not proximately caused by the Answering Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

56.     Any relief to which Plaintiff may otherwise be entitled is barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

57.     Any and all damages or injuries complained of by Plaintiffs were proximately caused by the intervening and superseding acts of persons and/or entities other than the Answering Defendants.

## TENTH AFFIRMATIVE DEFENSE

58.     Plaintiffs have failed to join necessary and indispensable parties to this litigation.

        WHEREFORE, having fully answered, Defendants Burkentine & Sons Builders, Inc. and Stone Ridge Development Corporation demands judgment in their favor and against the Plaintiffs and request that Plaintiff's Complaint be dismissed with prejudice and Defendants be awarded costs and any other fees determined just and proper by this court.


                                        Respectfully submitted,


Date: _10/24/2017_                      By: _____
                                        DONALD M. DESSEYN, ESQUIRE
                                        Attorney I.D. #69179
                                        GREGORY E. CASSIMATIS, Esquire
                                        Attorney I.D. # 49619
                                        4999 Louise Drive, Suite 103
                                        Mechanicsburg, PA  17055
                                        (717) 791-0400
                                        Attorneys for Defendants
                                        Burkentine & Sons Builders, Inc.
                                        Stone Ridge Corporation