AO 441 (Rev. 07/10)  Summons on Third-Party Complaint

# UNITED STATES DISTRICT COURT
### for the
Middle District of Pennsylvania

| | |
|---|---|
| State Farm Fire & Casualty Co. a/s/o Alan & Heather <br> *Plaintiff* <br> v. <br> Burkentine & Sons Builders, Inc. <br> *Defendant, Third-party plaintiff* <br> v. <br> American-Hungerford Building Products <br> *Third-party defendant* | ) ) ) ) ) ) ) ) ) <br><br> Civil Action No.  1:17-CV-01773-CCC |

## SUMMONS ON A THIRD-PARTY COMPLAINT

To: *(Third-party defendant's name and address)*    American-Hungerford Building Products
150 Fulling Mill Road
Middletown, PA 17057-2915

A lawsuit has been filed against defendant    Burkentine & Sons Build   , who as third-party plaintiff is making this claim against you to pay part or all of what the defendant may owe to the plaintiff    State Farm Fire & Casualty C   .

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff and on the defendant an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the defendant or defendant's attorney, whose name and address are:
Donald M. Desseyn, Esquire & Gregory E. Cassimatis, Esquire
4999 Louise Drive, Suite 103
Mechanicsburg, PA 17055

It must also be served on the plaintiff or plaintiff's attorney, whose name and address are:
Daniel J. de Luca, Esquire
Three Valley Square, Suite 220
Blue Bell, PA 19422

If you fail to respond, judgment by default will be entered against you for the relief demanded in the third-party complaint.  You also must file the answer or motion with the court and serve it on any other parties.

A copy of the plaintiff's complaint is also attached.  You may – but are not required to – respond to it.

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

AO 441 (Rev. 07/10)  Summons on Third-Party Complaint (Page 2)

Civil Action No.   1:17-CV-01773-CCC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 441 (Rev. 07/10)  Summons on Third-Party Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Pennsylvania

| | |
|---|---|
| State Farm Fire & Casualty Co. a/s/o Alan & Heather | ) |
| *Plaintiff* | ) |
| v. | ) |
| Burkentine & Sons Builders, Inc. | ) |
| *Defendant, Third-party plaintiff* | ) |
| v. | ) |
| TopBuild Corp. f/k/a Masco Contractor Services | ) |
| *Third-party defendant* | ) |

Civil Action  No.  1:17-CV-01773-CCC

## SUMMONS ON A THIRD-PARTY COMPLAINT

To: *(Third-party defendant's name and address)*     TopBuild Corp. f/k/a Masco Contractor Services
475 N. Williamson Blvd
Daytona Beach, FL 32114-7185

A lawsuit has been filed against defendant   Burkentine & Sons Build  , who as third-party plaintiff is making this claim against you to pay part or all of what the defendant may owe to the plaintiff   State Farm Fire & Casualty C  .

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff and on the defendant an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the defendant or defendant's attorney, whose name and address are:
Donald M. Desseyn, Esquire & Gregory E. Cassimatis, Esquire
4999 Louise Drive, Suite 103
Mechanicsburg, PA 17055

It must also be served on the plaintiff or plaintiff's attorney, whose name and address are:
Daniel J. de Luca, Esquire
Three Valley Square, Suite 220
Blue Bell, PA 19422

If you fail to respond, judgment by default will be entered against you for the relief demanded in the third-party complaint.  You also must file the answer or motion with the court and serve it on any other parties.

A copy of the plaintiff's complaint is also attached.  You may – but are not required to – respond to it.

Date: _____

*CLERK OF COURT*

_____

*Signature of Clerk or Deputy Clerk*

AO 441 (Rev. 07/10)  Summons on Third-Party Complaint (Page 2)

Civil Action No.   1:17-CV-01773-CCC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 441 (Rev. 07/10)  Summons on Third-Party Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Pennsylvania

| | |
|---|---|
| State Farm Fire & Casualty Co. a/s/o Alan & Heather<br>*Plaintiff*<br>v.<br>Burkentine & Sons Builders, Inc.<br>*Defendant, Third-party plaintiff*<br>v.<br>Masco Contractor Services<br>*Third-party defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.  1:17-CV-01773-CCC |

## SUMMONS ON A THIRD-PARTY COMPLAINT

To: *(Third-party defendant's name and address)*    Masco Contractor Services
150 Fulling Mill Road
Middletown, PA 17057-2915

A lawsuit has been filed against defendant    Burkentine & Sons Build    , who as third-party plaintiff is making this claim against you to pay part or all of what the defendant may owe to the plaintiff    State Farm Fire & Casualty C    .

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff and on the defendant an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the defendant or defendant's attorney, whose name and address are:
Donald M. Desseyn, Esquire & Gregory E. Cassimatis, Esquire
4999 Louise Drive, Suite 103
Mechanicsburg, PA 17055

It must also be served on the plaintiff or plaintiff's attorney, whose name and address are:
Daniel J. de Luca, Esquire
Three Valley Square, Suite 220
Blue Bell, PA 19422

If you fail to respond, judgment by default will be entered against you for the relief demanded in the third-party complaint.  You also must file the answer or motion with the court and serve it on any other parties.

A copy of the plaintiff's complaint is also attached.  You may – but are not required to – respond to it.

Date: _____

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

AO 441 (Rev. 07/10)  Summons on Third-Party Complaint (Page 2)

Civil Action No.  1:17-CV-01773-CCC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏  I returned the summons unexecuted because _____ ; or

❏  Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 441 (Rev. 07/10)  Summons on Third-Party Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Pennsylvania

| | |
|---|---|
| State Farm Fire & Casualty Co. a/s/o Alan & Heather | ) |
| *Plaintiff* | ) |
| v. | ) |
| Burkentine & Sons Builders, Inc. | ) |
| *Defendant, Third-party plaintiff* | ) |
| v. | ) |
| Truteam Builders Services Group d/b/a American-Hu | ) |
| *Third-party defendant* | ) |

Civil Action No.  1:17-CV-01773-CCC

## SUMMONS ON A THIRD-PARTY COMPLAINT

To: *(Third-party defendant's name and address)*    Truteam Builders Services Group d/b/a American-Hungerford Building
Products
150 Fulling Mill Road
Middletown, PA 17057-2915

A lawsuit has been filed against defendant  Burkentine & Sons Build  , who as third-party plaintiff is making
this claim against you to pay part or all of what the defendant may owe to the plaintiff  State Farm Fire & Casualty C .

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff and on the defendant an answer to the attached complaint or a
motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the defendant or
defendant's attorney, whose name and address are:
Donald M. Desseyn, Esquire & Gregory E. Cassimatis, Esquire
4999 Louise Drive, Suite 103
Mechanicsburg, PA 17055

It must also be served on the plaintiff or plaintiff's attorney, whose name and address are:
Daniel J. de Luca, Esquire
Three Valley Square, Suite 220
Blue Bell, PA 19422

If you fail to respond, judgment by default will be entered against you for the relief demanded in the third-party
complaint.  You also must file the answer or motion with the court and serve it on any other parties.

A copy of the plaintiff's complaint is also attached.  You may – but are not required to – respond to it.

Date:  _____

CLERK OF COURT

_____

*Signature of Clerk or Deputy Clerk*

AO 441 (Rev. 07/10)  Summons on Third-Party Complaint (Page 2)

Civil Action No.  1:17-CV-01773-CCC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑  I returned the summons unexecuted because _____ ; or

❑  Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 441 (Rev. 07/10)  Summons on Third-Party Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Pennsylvania

| | |
|---|---|
| State Farm Fire & Casualty Co. a/s/o Alan & Heather | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action  No.  1:17-CV-01773-CCC |
| Burkentine & Sons Builders, Inc. | ) |
| *Defendant, Third-party plaintiff* | ) |
| v. | ) |
| Builders Services Group d/b/a American-Hungeford | ) |
| *Third-party defendant* | ) |

## SUMMONS ON A THIRD-PARTY COMPLAINT

To: *(Third-party defendant's name and address)*   Builders Services Group d/b/a American-Hungerford Building Products
475 N. Williamson Blvd
Daytona Beach, FL 32114-7185

A lawsuit has been filed against defendant   Burkentine & Sons Build   , who as third-party plaintiff is making this claim against you to pay part or all of what the defendant may owe to the plaintiff   State Farm Fire & Casualty C   .

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff and on the defendant an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the defendant or defendant's attorney, whose name and address are:
Donald M. Desseyn, Esquire & Gregory E. Cassimatis, Esquire
4999 Louise Drive, Suite 103
Mechanicsburg, PA 17055

It must also be served on the plaintiff or plaintiff's attorney, whose name and address are:
Daniel J. de Luca, Esquire
Three Valley Square, Suite 220
Blue Bell, PA 19422

If you fail to respond, judgment by default will be entered against you for the relief demanded in the third-party complaint.  You also must file the answer or motion with the court and serve it on any other parties.

A copy of the plaintiff's complaint is also attached.  You may – but are not required to – respond to it.

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

AO 441 (Rev. 07/10) Summons on Third-Party Complaint (Page 2)

Civil Action No.  1:17-CV-01773-CCC

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

□  I returned the summons unexecuted because _____ ; or

□  Other *(specify):* _____

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

DONALD M. DESSEYN, ESQUIRE      ATTORNEYS FOR DEFENDANTS
Attorney I.D. #69179
GREGORY E. CASSIMATIS, Esquire
Attorney I.D. # 49619
4999 Louise Drive, Suite 103
Mechanicsburg, PA  17055
(717) 791-0400

---

| | |
|---|---|
| STATE FARM FIRE & CASUALTY | : IN THE UNITED STATES DISTRICT COURT |
| CO. a/s/o ALAN & HEATHER SHAW | : FOR THE MIDDLE DISTRICT OF PA |
|        Plaintiff | : |
|     v. | : |
| | : |
| BURKENTINE & SONS BUILDERS, INC. | : NO. 1:17-CV-01773-CCC |
| | : |
| and | : |
| | : CIVIL ACTION – LAW |
| STONE RIDGE DEVELOPMENT CORP. | : JURY TRIAL DEMANDED |
|        Defendants | : |
|     v. | : |
| AMERICAN-HUNGERFORD BUILDING | : |
| PRODUCTS | : |
| 150 Fulling Mill Road | : |
| Middletown, PA 17057-2915 | : |
| | : |
| and | : |
| | : |
| TOPBUILD CORP. f/k/a MASCO | : |
| CONTRACTOR SERVICES | : |
| 475 N. Williamson Blvd | : |
| Daytona Beach, FL  32114-7185 | : |
| | : |
| and | : |
| | : |
| MASCO CONTRACTOR SERVICES | : |
| 150 Fulling Mill Road | : |
| Middletown, PA 17057-2915 | : |
| | : |
| and | : |
| | : |
| TRUTEAM BUILDERS SERVICES: | |
| GROUP d/b/a AMERICAN | : |
| HUNGERFORD BUILDING PRODUCTS | : |
| 150 Fulling Mill Road | : |
| Middletown, PA 17057-2915 | : |

and                                              :
                                                 :
                                                 :
BUILDERS SERVICES GROUP, INC.                    :
d/b/a AMERICAN HUNGERFORD                         :
BUILDING PRODUCTS                                :
475 N. Williamson Blvd.                          :
Daytona Beach, FL. 32114                          :
                              Additional Defendants:

---

## COMPLAINT AGAINST ADDITIONAL DEFENDANTS

AND NOW, comes Defendant, Burkentine & Sons Builders, Inc., by and through its counsel, who states as follows:

1.   The present litigation arises from a Complaint filed by State Farm Fire and Casualty Co. a/s/o Alan and Heather Shaw (hereinafter Plaintiff) on or about September 29, 2017 in the United States District Court for the Middle District of Pennsylvania. (A true and correct copy of the Complaint is attached hereto as Exhibit "A").

2.   Defendants, Burkentine & Sons Builders, Inc. and Stone Ridge Development Corporation have filed an Answer to Plaintiff's Complaint on or about October 26, 2017. (A true and correct copy of Defendants' Answer is attached hereto as Exhibit "B").

3.   Additional Defendant, American-Hungerford Building Products is, upon information and belief, a division of Additional Defendant TruTeam Builders with a principal place of business at 150 Fulling Mill Road, Middletown, PA 17057-2915.

4.   Additional Defendant TopBuild Corp f/k/a Masco Contractors Service was, based upon information and belief, spun off from Masco Contractors Services, is the parent and/or affiliated company of American-Hungerford Building Products a/k/a American/Hungerford Building Products-Middletown on or about July 1, 2015, and has a principal place of business at 475 North Williamson Blvd., Daytona Beach, FL 32114-7185.

2

5.   Additional Defendant, Masco Contractor Services was, based upon information and belief, a division of Masco Corporation, a Delaware corporation, and was the parent and/or affiliated company of Additional Defendant American-Hungerford Building Products and was believed to be operating at 150 Fulling Mill Road, Middletown, PA 17057-2915 with a principal place of business at 107 Julliard CT, Ste. 111, Fredericksburg, VA 22406-1204.

6.   Additional Defendant, TruTeam Builders Services Group, a/k/a Builders Services Group, Inc., d/b/a American-Hungerford Building Products, based upon information and belief, is a parent and/or affiliated entity of American-Hungerford Building Products with a principal place of business located at 150 Fulling Mill Road, Middletown, PA 17057-2915.

7.   Additional Defendant Builder Services Group, Inc. d/b/a American-Hungerford Building Products, based upon information and belief, was the parent and/or affiliated entity of Additional Defendant, American-Hungerford Building Products with a principal place of business located at 260 Jimmy Ann Drive, Daytona Beach, FL 32114-1318.

8.   Plaintiff's Complaint avers that the premises of Plaintiff's subrogors, Alan and Heather Shaw sustained damage as a result of a fire which occurred on January 19, 2016.  See Exhibit "A" at paragraph 9.

9.   Plaintiff's Complaint avers that a fire erupted at the subject property due to the improper design, construction and insulation of the chimney chase area, as well as the improper installation of a wood burning stove and its chimney system. See Exhibit "A" at paragraph 10.

10. The averments of Plaintiff's Complaint (Exhibit "A") are incorporated herein by reference without admission or adoption.

11. Defendant, Burkentine and Sons Builders, Inc. entered into an agreement with Additional Defendant, Hungerford Building Products and/or Masco Contractor Services for the installation of insulation at the subject property in June 2014.

12. The original Defendant denies that Plaintiff is entitled to any recovery against them in this matter, however, without admitting the veracity of Plaintiff's allegations, the original Defendant avers that any damages sustained as a result of the allegations in Plaintiff's Complaint were solely, directly and proximately caused by the negligent acts and/or omissions, breach of contract and/or breach of warranty of the Additional Defendants.

**COUNT I.  NEGLIGENCE**
**BURKENTINE & SONS BUILDERS, INC. V. AMERICAN-HUNGERFORD BUILDING PRODUCTS; TOPBUILD CORP. f/k/a MASCO CONTRACTOR SERVICES; MASCO CONTRACTOR SERVICES; TRUTEAM BUILDERS SERVICES GROUP d/b/a AMERICAN HUNGERFORD BUILDING PRODUCTS; BUILDERS SERVICES GROUP, INC. d/b/a AMERICAN HUNGERFORD BUILDING PRODUCTS**

13. Paragraphs 1 -12 above are incorporated herein by reference as if fully set forth at length.

14. Additional Defendants breached their duty of care with respect to insulation of the chase and flue areas and were negligent and careless, including negligent acts and/or omissions as performed by and through its agents, servants, workman, employees, and/or chosen sub-contractors acting within the course and scope of their employment and/or agency and more specifically described as follows:

    a.  Failing to exercise reasonable care in the insulation of the chase and flue areas performed at the subject property, including but not limited to, carelessly and negligently performing the following:

        1. Failing to competently insulate the chase and flue areas in a safe and appropriate manner;

4

2. Installing the insulation in direct contact with heat producing items and failing to maintain adequate clearances around metal flues and chimneys; and/or

3. Failing to properly insulate the chase and flue areas to ensure compliance with applicable safety procedures.

b. Failing to adequately supervise and/or train its servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c. Failing to warn others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a) above;

d. Failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e. Failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

f. Failing to retain competent, qualified and/or able employees, servants or agents to perform the tasks set forth in subparagraph (a) above; and/or

g. Violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

15. If Plaintiff establishes that the fire arose from negligence relating to the insulation of the chase and flue areas performed at the subject property, then Additional Defendants are responsible as they insulated the subject property, including the chase and flue areas.

16. Additional Defendants, American-Hungerford Building Products; Topbuild Corp. f/k/a Masco Contractor Services; Masco Contractor Services; Truteam builders Services Group d/b/a American-Hungerford Building Products; Builders Services Group, Inc. d/b/a American-

Hungerford Building Products are directly, solely and/or jointly liable to the Plaintiffs for said damages, or, in the alternative, liable over to Defendant Burkentine and Sons Builders, Inc., in contribution and/or indemnity.

WHEREFORE, Defendant Burkentine and Sons Builders, Inc. respectfully demands judgment in its favor and against the Plaintiff and Additional Defendants with costs and other relief deemed just and proper by this court.

### COUNT II.  BREACH OF CONTRACT
### BURKENTINE & SONS BUILDERS, INC. V. AMERICAN-HUNGERFORD BUILDING PRODUCTS; TOPBUILD CORP. f/k/a MASCO CONTRACTOR SERVICES; MASCO CONTRACTOR SERVICES; TRUTEAM BUILDERS SERVICES GROUP d/b/a AMERICAN HUNGERFORD BUILDING PRODUCTS; BUILDERS SERVICES GROUP, INC. d/b/a AMERICAN HUNGERFORD BUILDING PRODUCTS

17. Paragraphs 1 -16 above are incorporated herein by reference as if fully set forth at length.

18. The damages as alleged in Plaintiff's Complaint were the result of the Additional Defendants breach of the terms of its agreement with Defendant, Burkentine and Sons Builders, Inc.

19. Upon information and belief, Additional Defendants held themselves out as a competent insulation contractor, representing that it possessed the necessary skill and expertise to properly insulate the subject property.

20. The Additional Defendants materially breached the agreement by failing to properly perform its work in a good and workmanlike manner in accordance with the terms of the agreement, as well as by (a) failing to use its best skill and attention in performing the work promised; (b) failing to provide Plaintiff's subrogors with a habitable property; and (c) failing to adequately supervise and direct the work of its agents and, servants and employees and/or sub-contractors.

21. For their part, Defendant, Burkentine and Sons Builders, Inc. performed all of their obligations under the aforementioned agreement.

22. As a direct and proximate result of the Additional Defendants breach(es) of its agreement, Plaintiff's subrogors sustained damages.

23. Additional Defendants, American-Hungerford Building Products; Topbuild Corp. f/k/a Masco Contractor Services; Masco Contractor Services; Truteam builders Services Group d/b/a American-Hungerford Building Products; Builders Services Group, Inc. d/b/a American-Hungerford Building Products are directly, solely and/or jointly liable to the Plaintiffs for said damages, or, in the alternative, liable over to Defendant Burkentine and Sons Builders, Inc. in contribution and/or indemnity.

WHEREFORE, Defendant Burkentine and Sons Builders, Inc. respectfully demands judgment in its favor and against the Plaintiff and Additional Defendants with costs and other relief deemed just and proper by this court.

**COUNT III. BREACH OF IMPLIED WARRANTIES**
**BURKENTINE & SONS BUILDERS, INC. V. AMERICAN-HUNGERFORD BUILDING PRODUCTS; TOPBUILD CORP. f/k/a MASCO CONTRACTOR SERVICES; MASCO CONTRACTOR SERVICES; TRUTEAM BUILDERS SERVICES GROUP d/b/a AMERICAN HUNGERFORD BUILDING PRODUCTS; BUILDERS SERVICES GROUP, INC. d/b/a AMERICAN HUNGERFORD BUILDING PRODUCTS**

24. Paragraphs 1 -23 above are incorporated herein by reference as if fully set forth at length.

25. In serving as an insulation contractor for the subject property, a residential structure, Additional Defendants impliedly warranted that they would insulate the subject property in a reasonably workman like manner, safely functional and not defective.

26. The insulation of the chimney-chase and flue areas were not performed in a standard, compliant, competent and workmanlike manner for the reasons set forth herein, and as such posed a hazard to Plaintiff's subrogors and the subject property.

7

27. Accordingly, Additional Defendants, by and through its agents, servants, workman, employees and/or sub-contractors breached implied warranties upon which Plaintiff's subrogors had rights to rely.

28. Additional Defendants did not provide Plaintiff's subrogors with a chimney – chase and flue area insulated in a good and workmanlike manner, nor conducive to creating a habitable property.

29. Plaintiff alleges that Plaintiff's subrogors used the subject property and the woodstove/fireplace in a foreseeable and ordinary manner, of which Additional Defendants should have been aware and for which Additional Defendants' expertise was relied upon; and yet Plaintiff's subrogors sustained damages described herein due to the defects, breaches, and negligence described above.

30. Additional Defendants, American-Hungerford Building Products; Topbuild Corp. f/k/a Masco Contractor Services; Masco Contractor Services; Truteam builders Services Group d/b/a American-Hungerford Building Products; Builders Services Group, Inc. d/b/a American-Hungerford Building Products are directly, solely and/or jointly liable to the Plaintiffs for said damages, or, in the alternative, liable over to Defendants Burkentine and Sons Builders, Inc. in contribution and/or indemnity.

WHEREFORE, Defendant Burkentine and Sons Builders, Inc. respectfully demands judgment in its favor and against the Plaintiff and Additional Defendants with costs and other relief deemed just and proper by this court.

Date: _01/12/2018_                                By: _____
                                                  DONALD M. DESSEYN, ESQUIRE
                                                  Attorney I.D. #69179
                                                  GREGORY E. CASSIMATIS, Esquire
                                                  Attorney I.D. # 49619
                                                  4999 Louise Drive, Suite 103
                                                  Mechanicsburg, PA  17055
                                                  (717) 791-0400
                                                  Attorneys for Defendants
                                                  Burkentine & Sons Builders, Inc. and
                                                  Stone Ridge Corporation, LP

9

EXHIBIT "A"

JS 44 (Rev. 06/17)

Case 1:17-cv-01773-CCC   Document 1-1   Filed 09/29/17   Page 1 of 2

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
State Farm Fire & Casualty Co. a/s/o Alan and Heather Shaw

### DEFENDANTS
Burkentine & Sons Builders, Inc. and Stone Ridge Development Corp.

**(b)** County of Residence of First Listed Plaintiff   York
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   York
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
de Luca Levine LLC
Three Valley Square, suite 220, Blue Bell, PA 19422

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      *(U.S. Government Not a Party)*

☐ 2  U.S. Government
      Defendant

☒ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☒ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332 and 28 USC 1391 (a)(1) and (a)(3)
Brief description of cause:
Fire damage

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000.00 +

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
09/29/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
### for the
## MIDDLE DISTRICT OF PENNSYLVANIA

STATE FARM FIRE &AMP; CASUALTY CO.
_____
*Plaintiff*

v.

BURKENTINE &AMP; SONS BUILDERS, INC., ET AL.
_____
*Defendant*

Civil Action No.:
**1:17-CV-01773-CCC**
Hon. Christopher C. Conner

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

SEE COMPLAINT

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) ——— or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) ——— you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Daniel J. DeLuca
deLUCA LEVINE
Three Valley Square
Suite 220
Blue Bell, PA 19422

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

PETER J. WELSH
_____
*ACTING CLERK OF COURT*

**s/ – Dawn McNew**
_____
*Signature of Clerk or Deputy Clerk*

ISSUED ON 2017-09-29 15:46:51.0, Acting Clerk USDC MDPA

Civil Action No.:  **1:17–CV–01773–CCC**

### PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for (name of individual and title, if any) ................................................

was received by me on (date) .................

☐ I personally served the summons on the individual at (place) ......................................

.................................................... on (date)_____ ; or

☐ I left the summons at the individual's residence or usual place of abode with (name) ..........

........................................., a person of suitable age and discretion who resides there,

on (date) ..................., and mailed a copy to the individual's last known address; or

☐ I served the summons on (name of individual) ......................................., who is

designated by law to accept service of process on behalf of (name of organization) ..............

............................................... on (date) ...............; or

☐ I returned the summons unexecuted because ..............................................; or

☐ Other (specify) :

My fees are $............ for travel and $_____ for services, for a total of $......................

I declare under penalty of perjury that this information is true.

_____
Date

_____
*Server's Signature*

_____
*Printed name and title*

_____
*Server's Address*

Additional information regarding attempted service, etc:

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE & CASUALTY CO. a/s/o<br>ALAN & HEATHER SHAW<br>2010 OAKWOOD DRIVE<br>HANOVER, PA 17331 | Civil Action No.: |
| **Plaintiff** | |
| v. | |
| BURKENTINE & SONS BUILDERS, INC.<br>330 DUBS CHURCH ROAD<br>HANOVER, PA 17331 | NON-ARBITRATION |
| and | |
| STONE RIDGE DEVELOPMENT<br>CORPORATION<br>910 E CANAL STREET, SUITE 300<br>DOVER, PA 17315 | |
| **Defendants** | |

## COMPLAINT

Plaintiff, State Farm Fire & Casualty Co. a/s/o Alan and Heather Shaw (hereinafter "Plaintiff"), by and through undersigned counsel, hereby demands judgment against Defendants, Burkentine & Sons Builders, Inc. and Stone Ridge Development Corporation, and complains against them as follows:

## PARTIES

1.     Plaintiff is in the business of insurance and, at all times relevant hereto, was duly authorized to engage in the business of insurance in the Commonwealth of Pennsylvania.

2.     At all times relevant hereto, Plaintiff provided property insurance to Alan and Heather Shaw (hereinafter "subrogors") in connection with their property located at 2010

Oakwood Drive in Hanover, PA (hereinafter the "subject property") under a policy of insurance that was in full force and effect on all relevant dates and times.

     3.     In the wake of the incident described below, as a result of claims made on said policy (which were duly paid pursuant thereto), Plaintiff became subrogated to certain recovery rights and interests of subrogors for monies paid thereunder, including the claims giving rise to this action.

     4.     Defendant Burkentine & Sons Builders, Inc.   (hereinafter "Burkentine" or collectively as "Defendants") is, upon information and belief, a Pennsylvania corporation with a principal place of business located at 330 Dubs Church Road in Hanover, Pennsylvania; at all times relevant hereto, Burkentine was engaged in the business of, *inter alia*, providing residential renovation, construction, and general-contracting services and related materials.

     4.     Defendant Stone Ridge Development Corporation (hereinafter "Stone Ridge" or collectively as "Defendants") is, upon information and belief, a Pennsylvania corporation with a principal place of business located at 910 E Canal Street in Dover, Pennsylvania; at all times relevant hereto, Stone Ridge was – upon information and belief – engaged in the business of, *inter alia*, property development.

## JURISDICTION AND VENUE

     5.     Jurisdiction is based on 28 U.S.C. §1332(a)(1) as the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

     6.     Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

     7.     Defendants were the developer and general contractor responsible for the creation

and construction of the subject property, including, *inter alia*, overseeing the planning, design and construction of the subject property and coordinating the various trades involved therein.

8.  As part of the planning, design and construction of the subject property, Defendants were responsible for overseeing and coordinating the design, construction, and insulation of the chimney-chase area, as well as the installation of the wood-burning stove and its chimney system, at the subject property.

9.  On January 19, 2016, a fire erupted at the subject property due to the improper design, construction, and insulation of the chimney-chase area, as well as the improper installation of the wood-burning stove and its chimney system; these improprieties allowed the fireplace's flue pipe (i.e. the exhaust pipe connecting to the stove) to be covered in spray insulation.

10.  An investigation into this incident revealed that several conditions related to the improper planning, design, construction, and insulation of the chimney-chase area, as well as the improper installation of the wood-burning stove and its chimney system, contributed to its occurrence; these included, but were not limited to, the fact that there was no barrier to prevent the insulation from entering the stove-pipe chase and flue area, and thereby allowing for the fire's ignition due to the heat of the flue and/or stray ash or embers.

11.  As a direct and proximate result of the acts and/or omissions of Defendants (as are described more fully below), subrogors sustained damage to their property, as well as additional expenses and hardships besides, in an amount in excess of $250,000.00.

12.  Subrogors made claims for such damages under their insurance policy; by operation of payments made pursuant to the terms and condition of the policy, Plaintiff became subrogated to the recovery claims asserted in this action.

### COUNT I – NEGLIGENCE v. BURKENTINE

13.     Plaintiff repeats and re-alleges all of the allegations set forth in all above paragraphs as though they were fully set forth and repeated herein at length.

14.     Burkentine owed subrogors a duty of care to, *inter alia*, monitor, inspect and see to it that its agents, servants, workmen, employees, servants and/or chosen subcontractors properly designed, constructed, and insulated the chimney-chase area, as well as properly installed the wood-burning stove and its chimney system, at the subject property.

15.     The aforementioned damages were the direct and proximate result of the negligence, carelessness and/or other unlawful conduct of Burkentine – including negligent acts and/or omissions as performed by and through its agents, servants, workmen, employees, servants and/or chosen subcontractors, acting within the course and scope of their employment and/or agency – more specifically described as follows:

      (a)    failing to exercise reasonable care in the performance of duties in the supervising of the design, construction and insulation of the chase and flue areas performed at the subject property, including, but not limited to, carelessly and negligently performing the following:

            (1)    failing to competently supervise the design, construction and insulation of the chase and flue areas in a safe and appropriate manner;

            (2)    failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the design, construction and insulation of the chase and flue areas; and/or

            (3)    failing to properly monitor the work of all agents and/or employees during the design, construction and insulation of the chase and flue areas to ensure compliance with applicable safety procedures.

      (b)    failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

    (c)    failing to warn subrogors and others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a), above;

    (d)    failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

    (e)    failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

    (f)    failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above; and/or

    (g)    violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

16.    As a direct and proximate result of such acts or omissions, the subject property was damaged and additional expenses were incurred in an amount in excess of $250,000.00; as described herein, Plaintiff became subrogated to claims relating thereto and asserted herein.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Burkentine – jointly, severally or in the alternative with the other Defendant(s) in this action – in an amount in excess of $250,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT II – BREACH OF CONTRACT v. BURKENTINE

17.    Plaintiff repeats and re-alleges all of the allegations set forth in all above paragraphs as though they were fully set forth and repeated herein at length.

18.    In causing the damage as alleged herein, Burkentine breached the terms of its agreement with Stone Ridge, of which subrogors were an intended third-party beneficiary, i.e. Burkentine's construction contract with Stone Ridge, as expressed and/or implied therein and/or according to law.

19.     Upon information and belief, Burkentine held itself out as a competent general contractor, representing that it possessed the necessary skill and expertise to properly construct the subject property.

20.     Burkentine materially breached the agreement by failing to properly perform its work in a good and workmanlike manner in accordance with the terms of the contract, as well as by (a) failing to use its best skill and attention in performing the work promised; (b) failing to provide subrogors with a habitable property; and (c) failing to adequately supervise and direct the work of its subcontractors.

21.     For their part, subrogors performed all their obligations under the aforementioned agreement, as well as all conditions precedent to recovery on this count.

22.     As a direct and proximate result of Burkentine's above-described breach(es) of its agreement, subrogors sustained damages.

23.     Plaintiff became subrogated to certain rights and interests of subrogors as described herein, thereby giving rise to the claims asserted in this action.

**WHEREFORE,** Plaintiff respectfully requests judgment in its favor and against Burkentine – jointly, severally or in the alternative with the other Defendant(s) in this action – in an amount in excess of $250,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT III – BREACH OF IMPLIED WARRANTIES v. BURKENTINE

24.     Plaintiff repeats and re-alleges all of the allegations set forth in all above paragraphs as though they were fully set forth and repeated herein at length.

25.     In building and developing and serving as general contractor in creating the subject property, a residential structure, Burkentine impliedly warranted that it would build and sell the subject property in a reasonably workmanlike manner, safely functional and not defective, and deliver the subject property in a habitable condition.

26.     The design, construction, and/or insulation of the chimney-chase and flue areas were not performed in a standard-compliant, competent, and workmanlike manner for the reasons set forth herein, and as such posed a hazard to subrogors and the subject property.

27.     Accordingly, Burkentine – by and through its agents, servants, workmen, employees, and/or chosen subcontractors – breached implied warranties, as set forth above, on which subrogors had rights to rely.

28.     Burkentine did not provide subrogors with a property – nor specifically chimney-chase and flue areas – designed, constructed or insulated in a good and workmanlike manner, nor conducive to creating a habitable property.

29.     Subrogors used the subject property and the wood stove/fireplace in a foreseeable and ordinary manner, of which Burkentine should have been aware, and for which Burkentine's expertise was relied upon; and yet subrogors sustained the damages described herein due to the defects, breaches and negligence described above.

30.     Plaintiff became subrogated to certain rights and interests of subrogors as described herein, thereby giving rise to the claims asserted in this action.

**WHEREFORE,** Plaintiff respectfully requests judgment in its favor and against Burkentine – jointly, severally or in the alternative with the other Defendant(s) in this action – in an amount in excess of $250,000.00, plus interest, costs of suit, reasonable attorney fees,

delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT IV – NEGLIGENCE v. STONE RIDGE

31.     Plaintiff repeats and re-alleges all of the allegations set forth in all above paragraphs as though they were fully set forth and repeated herein at length.

32.     Stone Ridge owed subrogors a duty of care to, *inter alia*, monitor, inspect and see to it that its general contractor, Burkentine, and/or its agents, servants, workmen, employees, servants and/or chosen subcontractors properly designed, constructed, and insulated the chimney-chase and flue areas, as well as properly installed the wood-burning stove and its chimney system, at the subject property.

33.     The aforementioned damages were the direct and proximate result of the negligence, carelessness and/or other unlawful conduct of Stone Ridge – including negligent acts and/or omissions as performed by and through its general contractor, Burkentine, and/or its agents, servants, workmen, employees, servants and/or chosen subcontractors, acting within the course and scope of their employment and/or agency – more specifically described as follows:

        (a)    failing to exercise reasonable care in the performance of duties in the supervising of the design, construction and insulation of the chase and flue areas performed at the subject property, including, but not limited to, carelessly and negligently performing the following:

                (1) failing to competently supervise the design, construction and insulation of the chase and flue areas in a safe and appropriate manner;

                (2)    failing to ensure that proper techniques were employed, and applicable safety procedures followed, as to the design, construction and insulation of the chase and flue areas; and/or

                (3)    failing to properly monitor the work of all agents and/or employees during the design, construction and insulation of the chase and flue areas to ensure compliance with applicable safety procedures.

(b)    failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

(c)    failing to warn subrogors and others of the dangers resulting from the failure to exercise reasonable care as set forth in subparagraph (a), above;

(d)    failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

(e)    failing to perform the tasks set forth in subparagraph (a) in conformity with prevailing industry and governmental specifications and standards;

(f)    failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above; and/or

(g)    violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

34.    As a direct and proximate result of such acts or omissions, the subject property was damaged and additional expenses were incurred in an amount in excess of $250,000.00; as described herein, Plaintiff became subrogated to claims relating thereto and asserted herein.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Stone Ridge – jointly, severally or in the alternative with the other Defendant(s) in this action – in an amount in excess of $250,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT V – BREACH OF CONTRACT v. STONE RIDGE

35.    Plaintiff repeats and re-alleges all of the allegations set forth in all above paragraphs as though they were fully set forth and repeated herein at length.

36.     In causing the damage as alleged herein, Stone Ridge breached the terms of its agreement with Burkentine, of which subrogors were intended third-party beneficiaries, as expressed and/or implied therein and/or according to law.

37.     Upon information and belief, Stone Ridge held itself out as a competent property-developer, representing that it possessed the necessary skill and expertise to properly construct the subject property.

38.     Stone Ridge materially breached the agreement by failing to properly perform its duties in a good and workmanlike manner in accordance with the terms of the agreement, as well as by (a) failing to use its best skill and attention in performing the duties promised; (b) failing to provide subrogors with a habitable property; and (c) failing to adequately supervise and direct the work of its general contractor, Burkentine and/or its agents and subcontractors.

39.     For their part, subrogors performed all their obligations under the aforementioned agreement, as well as all conditions precedent to recovery on this count.

40.     As a direct and proximate result of Stone Ridge's above-described breach(es) of its agreement, subrogors sustained damages.

41.     Plaintiff became subrogated to certain rights and interests of subrogors as described herein, thereby giving rise to the claims asserted in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Stone Ridge – jointly, severally or in the alternative with the other Defendant(s) in this action – in an amount in excess of $250,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT VI – BREACH OF IMPLIED WARRANTIES v. STONE RIDGE

42.     Plaintiff repeats and re-alleges all of the allegations set forth in all above paragraphs as though they were fully set forth and repeated herein at length.

43.     In serving as property developer in creating the subject property, a residential structure, Stone Ridge impliedly warranted that it would plan and build the subject property in a reasonably workmanlike manner, safely functional and not defective, and deliver the subject property in a habitable condition.

44.     The design, construction, and/or insulation of the chimney-chase and flue areas was not performed in a standard-compliant, competent, and workmanlike manner for the reasons set forth herein, and as such posed a hazard to subrogors and the subject property.

45.     Accordingly, Stone Ridge – by and through its general contractor, Burkentine, and/or its agents, servants, workmen, employees, and/or chosen subcontractors – breached implied warranties, as set forth above, on which subrogors had rights to rely.

46.     Stone Ridge did not provide subrogors with a property – nor specifically chimney-chase and flue areas – designed, constructed or insulated in a good and workmanlike manner, nor conducive to creating a habitable property.

47.     Subrogors used the subject property and the wood stove in a foreseeable and ordinary manner, of which Stone Ridge should have been aware, and for which Stone Ridge's expertise was relied upon; and yet subrogors sustained the damages described herein due to the defects, breaches and negligence described above.

48.     Plaintiff became subrogated to certain rights and interests of subrogors as described herein, thereby giving rise to the claims asserted in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Stone Ridge – jointly, severally or in the alternative with the other Defendant(s) in this action – in an amount in excess of $250,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

de LUCA LEVINE LLC

By: _____

DANIEL J. de LUCA,
ATTORNEYS FOR PLAINTIFFS
PA ATTORNEY I.D. NO.: 74727
Three Valley Square, Suite 220
Blue Bell, PA 19422
(215) 383-0081 (Telephone)
(215) 383-0082 (Fax)
ddeluca@delucalevine.com

Dated: September 29, 2017

# EXHIBIT "B"

DONALD M. DESSEYN, ESQUIRE       ATTORNEYS FOR DEFENDANTS
Attorney I.D. #69179
GREGORY E. CASSIMATIS, Esquire
Attorney I.D. # 49619
4999 Louise Drive, Suite 103
Mechanicsburg, PA  17055
(717) 791-0400

| | |
|---|---|
| STATE FARMS & AMP; CASUALTY CO. | : IN THE UNITED STATES DISTRICT COURT |
| | : FOR THE MIDDLE DISTRICT OF PA |
| Plaintiff | : |
| v. | : |
| | : |
| BURKENTINE & SONS BUILDERS, INC. | : NO. 1:17-CV-01773-CCC |
| | : |
| and | : |
| | : |
| | : CIVIL ACTION – LAW |
| STONE RIDGE DEVELOPMENT CORP. | : JURY TRIAL DEMANDED |
| Defendants | : |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

AND NOW, come Defendants, Burkentine & Sons Builders, Inc. and Stone Ridge

Development Corporation (hereinafter "Answering Defendants"), by and through its counsel,

Donald M. Desseyn, Esquire  and Gregory E. Cassimatis, Esquire and hereby files its Answer to

Plaintiff's Complaint with Affirmative Defenses and in support thereof states as follows:

## PARTIES

1.     Denied. The Answering Defendants, after reasonable investigation, are without

knowledge or information sufficient to form a belief as to the truth of the allegations as set forth

in paragraph 1 of Plaintiff's Complaint and therefore deny same and strict proof in support

thereof is demanded at the time of trial.

2.     Denied. The Answering Defendants, after reasonable investigation, are without

knowledge or information sufficient to form a belief as to the truth of the allegations as set forth

in paragraph 2 of Plaintiff's Complaint and therefore deny same and strict proof in support thereof is demanded at the time of trial.

3.      Denied.  The allegations as set forth in paragraph 3 of Plaintiff's Complaint constitute a legal conclusion to which no response is required; accordingly, strict proof in support thereof is demanded at the time of trial.

4.      Admitted in part and denied in part.  It is specifically denied that Defendant, Burkentine & Sons Builders, Inc. has a principal place of business located at 330 Dubs Church Road in Hanover, Pennsylvania.  On the contrary, Defendant, Burkentine & Sons Builders, Inc. has a principal place of business located at 1500 Baltimore Street, Hanover, PA 17331.  The balance of the allegations contained in paragraph 4 of Plaintiff's Complaint are admitted.

4. *sic.*  Admitted in part and denied in part.  It is denied that Defendant, Stone Ridge Development Corporation has a principal place of business located at 910 East Canal Street in Dover, Pennsylvania.  On the contrary, Defendant, Stone Ridge Development Corporation has a principal place of business at 1500 Baltimore Street, Hanover, PA 17331.  The balance of the allegation contained in paragraph 4. *sic.* of Plaintiff's Complaint are admitted.

## JURISDICTION & VENUE

5.      Denied.  The allegations as set forth in paragraph 5 of Plaintiff's Complaint constitute a legal conclusion to which no response is required; accordingly, strict proof in support thereof is demanded at the time of trial.

6.      Denied.  The allegations as set forth in paragraph 6 of Plaintiff's Complaint constitute a legal conclusion to which no response is required; accordingly, strict proof in support thereof is demanded at the time of trial.

## STATEMENT OF FACTS

2

7.      It is admitted that Defendant Stone Ridge Development Corporation is a developer and

Defendant, Burkentine & Sons Builders, Inc. was a general contractor regarding the construction

of the subject property.  The balance of the allegations set forth in paragraph 7 of Plaintiff's

Complaint constitute legal conclusions to which no response is required; accordingly, strict proof

in support thereof is demanded at the time of trial.

8.      Admitted in part and denied in part.  It is admitted that the Defendants as part of

planning, designing and construction of the subject property were responsible for overseeing and

coordinating the design, construction and installation of the chimney – chase area.  It is

specifically denied that the Defendants were responsible for the installation of the wood burning

stove as the wood burning stove was installed by Plaintiff's subrogors.  By way of further

answer, Defendant Burkentine & Sons Builders, Inc. hired a sub-contractor to do insulation

work.

9.      Denied.  The allegations as set forth in paragraph 9 of Plaintiff's Complaint constitute a

legal conclusion to which no response is required; accordingly, strict proof in support thereof is

demanded at the time of trial.  To the extent a response is deemed required, the Defendants, after

reasonable investigation, are without knowledge or information sufficient to form a belief as to

the truth of the allegations as set forth in paragraph 9 of Plaintiff's Complaint and therefore deny

same and strict proof in support thereof is demanded at the time of trial.

10.      Denied.  The allegations as set forth in paragraph 10 of Plaintiff's Complaint constitute a

legal conclusion to which no response is required; accordingly, strict proof in support thereof is

demanded at the time of trial.  To the extent a response is deemed required, the Defendants, after

reasonable investigation, are without knowledge or information sufficient to form a belief as to

the truth of the allegations as set forth in paragraph 10 of Plaintiff's Complaint and therefore

3

deny same and strict proof in support thereof is demanded at the time of trial. By way of further answer, Plaintiff's subrogors installed the wood burning stove in question at the subject property.

11.     Denied. The allegations as set forth in paragraph 11 of Plaintiff's Complaint constitute a legal conclusion to which no response is required; accordingly, strict proof in support thereof is demanded at the time of trial.  To the extent a response is deemed required, said allegations are specifically denied.

12.     Denied. The allegations as set forth in paragraph 12 of Plaintiff's Complaint constitute a legal conclusion to which no response is required; accordingly, strict proof in support thereof is demanded at the time of trial.

## COUNT I. NEGLIGENCE v. BURKENTINE

13.     The answering Defendant, Burkentine & Sons Builders, Inc. incorporates its answers to paragraphs 1 – 12 above by reference as if fully set forth at length herein.

14.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 14 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial. By way of further answer, the wood burning stove in question was installed by Plaintiff's subrogors.

15.     (a) – (g)        Denied.  The Answering Defendant denies the allegations as set forth in paragraph 15 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

4

16.    Denied. The allegations as set forth in paragraph 16 of Plaintiff's Complaint constitute a legal conclusion to which no response is required.  Accordingly, strict proof in support thereof is demanded at the time of trial.

Wherefore, the Answering Defendant, Burkentine & Sons Builders, Inc. demands judgment in its favor and against the Plaintiff and requests that Plaintiff's Complaint be dismissed with prejudice and the Answering Defendant be awarded cost and any other fees determined just and proper by this court.


## COUNT II. BREACH OF CONTRACT v. BURKENTINE

17.    The answering Defendant, Burkentine & Sons Builders, Inc. incorporates its answers to paragraphs 1 – 16 above by reference as if fully set forth at length herein.

18.    Denied.  The Answering Defendant denies the allegations as set forth in paragraph 18 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

19.    Admitted in part and denied in part.  It is admitted that Defendant, Burkentine & Sons Contractors, Inc. is a competent general contractor possessing the necessary skill and expertise to properly construct the subject property.  By way of further answer, the woodstove in question at the subject property was installed by Plaintiff's subrogors.  The balance of the allegations contained in paragraph 19 of Plaintiff's constitute legal conclusions of law to which no response is required, accordingly, strict proof in support thereof is demanded at the time of trial.

20.    Denied.  The Answering Defendant denies the allegations as set forth in paragraph 20 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

21.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 21 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

22.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 22 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

23.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 23 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

        Wherefore, the Answering Defendant, Burkentine & Sons Builders, Inc. demands judgment in its favor and against the Plaintiff and request that Plaintiff's Complaint be dismissed with prejudice and the Answering Defendant be awarded cost and any other fees determined just and proper by this court.

## COUNT III. BREACH OF IMPLIED WARRANTIES v. BURKENTINE

24.     The answering Defendant, Burkentine & Sons Builders, Inc. incorporates its answers to paragraphs 1 – 23 above by reference as if fully set forth at length herein.

25.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 25 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

26.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 26 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

27.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 27 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

28.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 28 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

29.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 29 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

30.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 30 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

Wherefore, the Answering Defendant, Burkentine & Sons Builders, Inc. demands judgment in its favor and against the Plaintiff and requests that Plaintiff's Complaint be dismissed with prejudice and the Answering Defendant be awarded cost and any other fees determined just and proper by this court.

## COUNT IV. NEGLIGENCE v. STONE RIDGE

31.     The answering Defendant, Stone Ridge Corporation incorporates its answers to paragraphs 1 – 30 above by reference as if fully set forth at length herein.

32.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 32 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

By way of further answer, the wood burning stove in question was installed by Plaintiff's subrogors.

33.     (a) – (g)      Denied.  The Answering Defendant denies the allegations as set forth in paragraph 33 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

34.     Denied. The allegations as set forth in paragraph 34 of Plaintiff's Complaint constitute a legal conclusion to which no response is required; accordingly, strict proof in support thereof is demanded at the time of trial.

Wherefore, the Answering Defendant, Stone Ridge Corporation demands judgment in its favor and against the Plaintiff and requests that Plaintiff's Complaint be dismissed with prejudice and the Answering Defendant be awarded cost and any other fees determined just and proper by this court.

## COUNT V. BREACH OF CONTRACT v. STONE RIDGE

35.     The answering Defendant, Stone Ridge Corporation incorporates its answers to paragraphs 1 – 34 above by reference as if fully set forth at length herein.

36.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 36 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

37.     Admitted in part and denied in part.  It is admitted that Defendant, Burkentine & Sons Contractors, Inc. is a competent general contractor possessing the necessary skill and expertise to properly construct the subject property.  By way of further answer, the woodstove in question at the subject property was installed by Plaintiff's subrogors.  The balance of the allegations

8

contained in paragraph 37 of Plaintiff's Complaint constitute legal conclusions of law to which no response is required, accordingly, strict proof in support thereof is demanded at the time of trial.

38.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 38 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

39.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 39 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

40.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 40 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

41.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 41 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

Wherefore, the Answering Defendant, Stone Ridge Corporation demands judgment in its favor and against the Plaintiff and requests that Plaintiff's Complaint be dismissed with prejudice and the Answering Defendant be awarded cost and any other fees determined just and proper by this court.

### COUNT VI. BREACH OF IMPLIED WARRANTIES v. STONE RIDGE

42.     The answering Defendant, Stone Ridge Corporation incorporates its answers to paragraphs 1 – 41 above by reference as if fully set forth at length herein.

43.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 43 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

44.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 44 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

45.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 45 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

46.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 46 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

47.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 47 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

48.     Denied.  The Answering Defendant denies the allegations as set forth in paragraph 48 of Plaintiff's Complaint as such allegations constitute legal conclusions of law to which no response is required. Accordingly, strict proof in support thereof is demanded at the time of trial.

Wherefore, the Answering Defendant, Stone Ridge Corporation demands judgment in its favor and against the Plaintiff and requests that Plaintiff's Complaint be dismissed with prejudice and the Answering Defendant be awarded cost and any other fees determined just and proper by this court.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

49.     Plaintiff's Complaint fails to set forth a cause of action upon which relief can be granted against the Defendants.

## SECOND AFFIRMATIVE DEFENSE

50.     Plaintiffs recovery is barred either in whole or in part, as any damages or injuries which Plaintiffs may have sustained were the proximate result of the acts or omissions of others not presently known by the Answering Defendants and/or its employees.

## THIRD AFFIRMATIVE DEFENSE

51.     Plaintiff's recovery is barred either in whole or in part by their own conduct in failing to exercise ordinary care for their own safety under existing circumstances.

## FOURTH AFFIRMATIVE DEFENSE

52.     Any damages or injuries Plaintiffs may have suffered alleged in their Complaint were solely and proximately caused by the negligence of Plaintiff's subrogors Alan Shaw and/or Heather Shaw.

## FIFTH AFFIRMATIVE DEFENSE

53.     Plaintiff's failure to exercise reasonable care caused or contributed to cause any alleged injuries or damages of Plaintiff's Complaint and, therefore, Plaintiff's claims against the Answering Defendants are barred or, in the alternative, must be diminished by an amount that is proportionally equal to Plaintiffs percentage of negligence.

## SIXTH AFFIRMATIVE DEFENSE

54.     Plaintiffs have failed to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

55.     Plaintiffs alleged injuries or damages were not proximately caused by the Answering Defendants.

11

## EIGHTH AFFIRMATIVE DEFENSE

56.     Any relief to which Plaintiff may otherwise be entitled is barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

57.     Any and all damages or injuries complained of by Plaintiffs were proximately caused by the intervening and superseding acts of persons and/or entities other than the Answering Defendants.

## TENTH AFFIRMATIVE DEFENSE

58.     Plaintiffs have failed to join necessary and indispensable parties to this litigation.

WHEREFORE, having fully answered, Defendants Burkentine & Sons Builders, Inc. and Stone Ridge Development Corporation demands judgment in their favor and against the Plaintiffs and request that Plaintiff's Complaint be dismissed with prejudice and Defendants be awarded costs and any other fees determined just and proper by this court.

Respectfully submitted,

Date: 10/24/2017

By: _____
DONALD M. DESSEYN, ESQUIRE
Attorney I.D. #69179
GREGORY E. CASSIMATIS, Esquire
Attorney I.D. # 49619
4999 Louise Drive, Suite 103
Mechanicsburg, PA  17055
(717) 791-0400
Attorneys for Defendants
Burkentine & Sons Builders, Inc.
Stone Ridge Corporation

12